## SIMON W. KITTRELL *v.* ALEXANDER B. HAWKINS.

The condition of a bond to pay the amount sued for, " whenever an s-sue now pending in the Superior Court of Law for Granville county, between J. H. L., plaintiff, and A. D., defendant, is decided in favor of said plaintiff in said issue," is literally fulfilled, when the said suit is compromised and the plaintiff. upon the payment of a certain sum, was to have judgment entered in his favor; and upon such compromise the obligee in said bond is entitled to recover.

The case of *Candler* v. *Trommell*, 7 Ired, 145, cited and approved.)

CIVIL ACTION originally commenced in a court of a Justice of the Peace, and heard upon appeal before his Honor, Judge *Moore*, at July (Special) Term, 1875, of GRANVILLE Superior Court.

The suit was brought upon the following instrument :

"Due Simon W. Kittrell, one hundred and sixty-seven dol-. lars and fifty cents, which I hereby promise and bind myself to pay whenever an issue now pending in the Superior Court of Law for Granville county between James H. Lassiter, plaintiff,. and Archibald Davis, defendant, is decided in favor of said James H. Lassiter, plaintiff in said issue.   Value received by me of said Simon W. Kittrell.   This October 21, 1867.

ALEX. B. HAWKINS."

Upon the trial in the Justice's Court, the plaintiff recovered judgment for the principal, with interest, and thereupon the: defendant appealed to the Superior Court.

Upon the hearing in the Superior Court, trial by jury was waived and the facts disputed, were decided by his Honor.

It was agreed that the defendant executed the obligation sued on ; and that at the time of its execution, there was. pending in the Superior Court of Granville county an action of ejectment wherein one James H. Lassiter was plaintiff and Archibald Davis, defendant.   That said action was compromised between the parties thereto, by the terms of which compromise the plaintiff was to pay the defendant $750, and the defendant in consideration of the payment thereof, agreed to allow a verdict and judgment to be entered in the action, in favor of the plaintiff, which was done at February Term,. 1871.

The defendant in this action appeared and resisted the com-- promise, and the same was made after having been opposed. and resisted by him.

It was found as a fact by his Honor, that the consideration. of the obligation sued upon, was the conveyance by the plain-- tiff to the defendant of all his interest in and to the *locus in quo*, the subject of said action of ejectment.

Upon the facts agreed, and the facts found by his Honor,.

the court rendered judgment in favor of the plaintiff; from which judgment the defendant appealed.

*Batchelor & Son* and *Edwards*, for appellant.
*Smith & Strong*, contra.

BYNUM, J. The condition of the bond sued on, is to pay " whenever an issue now pending in the Superior Court of law, for Granville county, between James H. Lassiter, plaintiff, and Archibald Davis, defendant, is decided in favor of the said James H. Lassiter, plaintiff in said issue." It is agreed that before the bringing of this suit, the action between the parties above named, was compromised, whereby the said Lassiter agreed to pay Davis $750, and Davis, in consideration thereof, agreed to let a verdict and judgment be entered up against him in favor of Lassiter. Was this such a compliance with the condition of the bond, as enabled the plaintiff to maintain this action ?

The condition of the bond was literally fulfilled, and nothing appears in the case to show that it was not performed according to the spirit and intent also, of the parties to the bond. How the parties to this action were to be affected by the result of the suit between Lassiter and Davis, no where appears. For ought we see, neither of them had any interest in that action, or was to be affected by it, one way or another. The condition of the bond was that the issue in the action should be found for the plaintiff. That was done, and, as far as we see, it was immaterial whether the result, stipulated for, was brought about by a compromise or other ways. The case states that the action of *Lassiter* v. *Davis*, was ejectment for land, and that the bond in suit in this action, was for the purchase of the plaintiff's interest in that land. Be it so, and that the verdict and judgment in favor of Lassiter enures to make good the title of the defendant, Hawkins, which probably was the purpose of the action. The defendant has no

right to complain of that. Suppose, improperly and against the will of the defendant, Lassiter paid the sum of $750 for his verdict, and intends to seek to make the defendant, Hawkins, liable for the whole or a part of that sum. That suggestion has been made. When the defendant is so sought to be charged, he has his remedy, and can make his defence, if he has any. That is a matter wholly outside of this case, and one that we have no right to anticipate. The condition of the bond was saved by the verdict and judgment rendered in favor of Lassiter, and thereby the bond declared on, became due and payable, expressly. *Candler* v. *Trommell*, 7 Ired., 125.

This view of the case renders unnecessary any discussion of the cases cited as to the nature of conditions precedent and their performance.

There is no error.

Per Curiam.                 Judgment affirmed.